# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# JASPER DIVISION

| | |
|---|---|
| MARK THOMAS LYONS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   6:07-cv-01606-LSC-JEO |
| | ) |
| SHERIFF RODNEY INGLE and THE | ) |
| ATTORNEY GENERAL OF THE STATE | ) |
| OF ALABAMA, | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM OPINION

This is a petition for a writ of habeas corpus brought by a person in the custody of the Sheriff of Fayette County, Alabama.  *See* 28 U.S.C. § 2254.  The petitioner, Mark Thomas Lyons, filed the current habeas corpus petition on September 4, 2007.  (Doc. 1).

## PROCEDURAL HISTORY

The petitioner is incarcerated in the Fayette County Jail awaiting trial on the charge of unlawfully manufacturing a controlled substance.  He was arrested on March 9, 2007.  Following a June 8, 2007, preliminary hearing, he was bound over to the Fayette County Grand Jury for further proceedings.  A trial date has not been set.  (Doc. 5 at pp. 1-2).

As noted above, the present petition was filed on September 4, 2007.  (Doc. 1).  In sum and substance, the petitioner asserts that (1) the residence where the evidence was found was searched without a warrant and (2) it is not his residence.  (Doc. 1 at pp. 4-5).  The respondents were ordered to appear and show cause why the requested relief should not be granted.  (Doc. 4).  They filed a response, asserting that the petition is due to be denied because the petitioner has failed to exhaust his available state remedies.  (Doc. 5 at pp. 2-3).  Despite being offered an

opportunity to respond, the petitioner has not filed a traverse.

## DISCUSSION

The threshold issue to be resolved in federal habeas cases is whether the petitioner has exhausted all available state remedies. An application for writ of habeas corpus will not be considered unless the applicant has exhausted available state court remedies. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); *Georgalis v. Dixon*, 776 F.2d 261, 262 (11th Cir. 1985); *Walker v. Zant*, 693 F.2d 1087, 1088 (11th Cir. 1982). The exhaustion requirement is designed "to effect a proper balance between the roles of state and federal judicial institutions in protecting federal rights." *Ogle v. Estelle*, 592 F.2d 1264, 1267 (5th Cir. 1979). As a matter of comity, the rule requires the federal courts to allow the states the initial "opportunity to pass upon and correct errors of federal law in the state prisoner's conviction." *Fay v. Noia*, 372 U.S. 391, 438, 83 S. Ct. 822, 9 L. Ed. 2d 837 (1963). Such a rule furthers the strong federal policy that federal courts should not unduly or prematurely interfere with state court proceedings.

Section 2254(c) provides that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the questions presented." *Rose v. Lundy*, 455 U.S. 509, 518 n.9, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). Pursuant to this provision, the courts have cautioned that the exhaustion requirement is not satisfied until the claim has been fully and fairly presented to the courts for consideration. *Picard v. Connor*, 404 U.S. 270, 275-76, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); *Heath v. Jones*, 863 F.2d 815, 818 (11th Cir. 1989). Furthermore, the

claim must be presented to state courts in such a way as to enable the state to entertain the claim on its merits.

The petitioner's pending case, the ability to seek appellate review thereafter, his ability to seek certiorari review, and the availability of post-conviction avenues under Alabama Rule of Criminal Procedure 32 all necessitate dismissal of this action as the present claims have not been fully adjudicated in the state courts as is required. The court also declines to hold the present action in abeyance because he will not have federal statute of limitations issues due to the absence of a final conviction. *See* 28 U.S.C. § 2244(d).

## CONCLUSION

In accordance with the foregoing, the petition for a writ of habeas corpus is due to be dismissed without prejudice to permit the petitioner to exhaust his available state remedies. An appropriate order will be entered.

Done this 20th day of November 2007.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
124153